Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
FENNEMORE CRAIG, P.C.
300 E. Second St., Suite 1510
Reno, Nevada 89501
Tel: 775-788-2228   Fax: 775-788-2229
lhart@fclaw.com; jtennert@fclaw.com

*Attorneys for Proposed Intervenor Federal Housing Finance Agency*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ALESSI & KOENIG, LLC, a Nevada limited liability company,<br><br>                    Plaintiff,<br>v.<br>ALFRED T. DOLAN, JR.; BARBARA ANN DOLAN; FEDERAL NATIONAL MORTGAGE ASSOCIATION; SUMMERLIN NORTH COMMUNITY ASSOCIATION; DOE INDIVIDUALS I-X, inclusive; and ROE CORPORATIONS XI-XX, inclusive,<br><br>                    Defendants.<br>FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>                    Counterclaimant,<br>v.<br>SATICOY BAY LLC SERIES 10250 SUN DUSK LN; and SUNSET MESA COMMUNITY ASSOCIATION,<br><br>                    Counter-defendants. | CASE NO.  2:15-cv-00805-JCM-CWH<br><br>**STIPULATION TO ENTRY OF ORDER AND [PROPOSED] ORDER PERMITTING FEDERAL HOUSING FINANCE AGENCY TO INTERVENE AS CONSERVATOR OF THE FEDERAL NATIONAL MORTGAGE ASSOCIATION** |

1. The Federal Housing Finance Agency ("FHFA" or "Conservator"), as Conservator for Defendant Federal National Mortgage Association ("Fannie Mae"), seeks to intervene in the above-captioned action pursuant to 12 U.S.C. § 4617(b)(2)(A)(i) and Fed. R. Civ. P. 24.

2. On September 6, 2008, FHFA's Director appointed the FHFA Conservator of Fannie Mae and the Federal Home Loan Mortgage Corporation in accordance with the Housing and Economic Recovery Act of 2008, Pub. L. 110-289, 122 Stat. 2654 (codified at 12 U.S.C.§

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10596429.1

1  4617) ("HERA"), and the Federal Housing Enterprises Financial Safety and Soundness Act of
2  1992 (12 U.S.C. § 4501, et. seq.).
3      3.    The FHFA, as Conservator, has succeeded to "all rights, titles, powers, and
4  privileges" of Fannie Mae, including its right to sue and be sued in the federal courts. *See*
5  12 U.S.C. § 4617(b)(2)(A)(i).
6      4.    Accordingly, FHFA asserts that it has an unconditional federal statutory right to
7  intervene in this matter, *see* Fed. R. Civ. P. 24(a)(1), and to assert its interests in a manner
8  consistent with the Conservator's powers and duties.
9      5.    Pursuant to Fed. R. Civ. P. 24(c), FHFA attaches as **Exhibit A** its intended
10  Answer.
11  ///
12  ///
13  ///
14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10596429.1

# STIPULATION

FHFA and Plaintiff Alessi & Koenig, LLC and Counter-defendant Sunset Mesa Community Association through their attorneys of record, hereby stipulate and request that the Court make this stipulation an order of the Court:

The FHFA shall be permitted to intervene in the above-referenced action pursuant to 12 U.S.C. § 4617(b)(2)(A)(i) and Fed. R. Civ. P. 24.

DATED this 13th day of July, 2015.

**ALESSI & KOENIG, LLC**

By: /s/ Vanessa Goulet
Vanessa S. Goulet, Esq. (SBN 13688)
9500 West Flamingo Road, Suite 205
Las Vegas, Nevada 89147
Tel: 702-222-4033  Fax: 702-222-4043

*Attorneys for Plaintiff Alessi & Koenig, LLC and Counter-defendant Sunset Mesa Community Association*

**FENNEMORE CRAIG, P.C.**

By: /s/ Leslie Bryan Hart
Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
300 E. Second St., Suite 1510
Reno, Nevada 89501
Tel: 775-788-2228  Fax: 775-788-2229
lhart@fclaw.com;  jtennert@fclaw.com

*Attorneys for Proposed Intervenor Federal Housing Financing Agency*

**WRIGHT, FINLAY & ZAK, LLP**

By: /s/ Dana Jonathon Nitz
Dana Jonathon Nitz, Esq. (SBN 00050)
Chelsea Crowton (SBN 11547)
5532 South Fort Apache Rd., Suite 110
Las Vegas, NV 89148
Tel: 702-475-7964  Fax 702-946-1345
dnitz@wrightlegal.net
ccrowton@wrightlegal.net

*Attorney for Defendant/Counterclaimant Federal National Mortgage Association*

# ORDER

DATED: July 20, 2015

IT IS SO ORDERED.

_____
United States Magistrate Judge

10596429.1

3

Exhibit A

Exhibit A

| | |
|---|---|
| Leslie Bryan Hart, Esq. (SBN 4932)<br>John D. Tennert, Esq. (SBN 11728)<br>FENNEMORE CRAIG, P.C.<br>300 E. Second St., Suite 1510<br>Reno, Nevada 89501<br>Tel: 775-788-2228   Fax: 775-788-2229<br>lhart@fclaw.com; jtennert@fclaw.com<br><br>*Attorneys for Proposed Intervenor Federal Housing Finance Agency* | |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ALESSI & KOENIG, LLC, a Nevada limited liability company, ,<br>                              Plaintiff,<br>v.<br>ALFRED T. DOLAN, JR.; BARBARA ANN DOLAN; FEDERAL NATIONAL MORTGAGE ASSOCIATION; SUMMERLIN NORTH COMMUNITY ASSOCIATION; DOE INDIVIDUALS I-X, inclusive; and ROE CORPORATIONS XI-XX, inclusive,<br>                              Defendants. | CASE NO.   2:15-cv-00805-JCM-CWH<br><br>**ANSWER AND COUNTERCLAIMS BY PROPOSED INTERVENOR THE FEDERAL HOUSING FINANCE AGENCY AS CONSERVATOR FOR THE FEDERAL NATIONAL MORTGAGE ASSOCIATION** |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br>                              Counterclaimant,<br>v.<br>SATICOY BAY LLC SERIES 10250 SUN DUSK LN; and SUNSET MESA COMMUNITY ASSOCIATION,<br>                              Counter-defendants. | |

Simultaneously with this Answer, the Federal Housing Finance Agency ("FHFA"), in its capacity as Conservator for the Federal National Mortgage Association ("Fannie Mae"), is filing a motion, pursuant to Federal Rule of Civil Procedure 24, to intervene in this action. In accordance with Rule 24(c)'s requirement that a motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought," FHFA submits this Answer to respond as follows to the Complaint filed by Plaintiff Alessi & Koenig, LLC ("Alessi & Koenig" or "Plaintiff"):

10596831.1

## PARTIES, JURISDICTION AND VENUE

1. FHFA is without knowledge or information sufficient to form a belief as to the truth of the allegations within Paragraph 1 of the Complaint.

2. FHFA admits the allegations within Paragraph 2 of the Complaint.

3. FHFA admits the allegations within Paragraph 3 of the Complaint.

4. FHFA admits the allegations within Paragraph 4 of the Complaint.

5. FHFA is without knowledge or information sufficient to form a belief as to the truth of the allegations within Paragraph 5 of the Complaint,.

6. FHFA is without knowledge or information sufficient to form a belief as to the truth of the allegations that concern Doe Individual Defendants and Roe Corporation Defendants within Paragraph 6 of the Complaint. The remainder of Paragraph 6 of the Complaint states legal theories and legal conclusions that do not require a response. To the extent a response is required, denied.

7. FHFA admits that the subject Property is located in Clark County, Nevada and that jurisdiction and venue are proper in this Court.

## THE UNDERLYING FORECLOSURE SALE

8. FHFA repeats its responses to Paragraphs 1-7 as if fully stated herein.

9. FHFA admits that a Declaration of Covenants, Conditions, and Restrictions and Reservations of Easements ("CC&Rs") for Sunset Mesa Community Association (the "HOA") was recorded in the Official Records of the Clark County Recorder on May 31, 1996, as Book and Instrument Number 19960531-01425, subsequently amended per statute on January 28, 2003, as Book and Instrument Number 20030128-01604, and that this recording speaks for itself. The remainder of Paragraph 8 states a legal conclusion that does not require a response.

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10596831.1

2

10. FHFA admits that Paragraph 10 reproduces an excerpt from Section 7.2.6 of the CC&Rs for the HOA, and that this recording speaks for itself.

11. FHFA admits that a Grant, Bargain and Sale Deed was recorded on March 21, 1997, as Book and Instrument Number 970321-01652, showing that Alfred T. Dolan, Sr. and Patricia Dolan became title owners of real property commonly known as 10250 Sun Disk Lane, Las Vegas, Nevada 89144; APN 137-25-714-049 (the "Property"), and that this recording speaks for itself.

12. FHFA admits the allegations contained in Paragraph 12 of the Complaint, and notes that the referenced recording speaks for itself.

13. FHFA admits the allegations contained in Paragraph 13 of the Complaint, and notes that the referenced recording speaks for itself.

14. Paragraph 14 of the Complaint states a legal conclusion that does not require a response. To the extent a response is required, denied.

15. FHFA avers that the referenced recording in Paragraph 15 of the Complaint speaks for itself. The remainder of Paragraph 15 of the Complaint states a legal conclusion that does not require a response. To the extent a response is required, denied.

16. FHFA is without knowledge or information sufficient to form a belief as to the truth of the allegations within Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint states a legal conclusion that does not require a response. To the extent a response is required, denied.

18. FHFA is without knowledge or information sufficient to form a belief as to the truth of the allegations within Paragraph 18 of the Complaint. The remainder of Paragraph 18 of the Complaint states a legal conclusion that does not require a response. To the extent a response is required, denied.

10596831.1

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

19. FHFA avers that the referenced recording in Paragraph 19 of the Complaint speaks for itself. The remainder of Paragraph 19 of the Complaint states a legal conclusion that does not require a response.

20. FHFA is without knowledge or information sufficient to form a belief as to the truth of the allegations within Paragraph 20 of the Complaint.

21. FHFA is without knowledge or information sufficient to form a belief as to the truth of the allegations within Paragraph 21 of the Complaint.

22. FHFA is without knowledge or information sufficient to form a belief as to the truth of the allegations within Paragraph 22 of the Complaint.

23. FHFA is without knowledge or information sufficient to form a belief as to the truth of the allegations within Paragraph 23 of the Complaint.

24. FHFA is without knowledge or information sufficient to form a belief as to the truth of the allegations within Paragraph 24 of the Complaint.

25. FHFA admits that Fannie Mae has an interest in the Property. The remainder of Paragraph 25 of the Complaint states a legal conclusion that does not require a response. To the extent a response is required, denied.

26. FHFA is without knowledge or information sufficient to form a belief as to the truth of the allegations within Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint states legal conclusions that do not require a response. FHFA refers to the statute referenced therein for the truth of its contents.

28. FHFA is without knowledge or information sufficient to form a belief as to the truth of the allegations within Paragraph 28 of the Complaint.

29. FHFA is without knowledge or information sufficient to form a belief as to the truth of the allegations within Paragraph 29 of the Complaint.

10596831.1

4

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

30. FHFA is without knowledge or information sufficient to form a belief as to the truth of the allegations within Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint states a legal conclusion that does not require a response. To the extent a response is required, denied.

32. FHFA is without knowledge or information sufficient to form a belief as to the truth of the allegations within Paragraph 32 of the Complaint.

## AFFIRMATIVE DEFENSES

FHFA's investigation of these claims is continuing. By this Answer, FHFA waives no affirmative defenses and reserves its right to amend the Answer to insert any subsequently discovered affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief can be granted because, among other reasons, Plaintiff's claim of free and clear title to the Property is barred by 12 U.S.C. § 4617(j)(3), which precludes a homeowners' association sale from extinguishing Fannie Mae's interest in the Property and preempts any state law to the contrary.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches, estoppel, waiver, unjust enrichment, and/or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

The damages, if any, that were allegedly sustained by Plaintiff as a result of the acts described in the Complaint were caused in whole or were contributed to in part by reason of the acts, omissions, negligence, and/or intentional misconduct of Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

The damages, if any, that were allegedly sustained by Plaintiff as a result of the acts

10596831.1

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

described in the Complaint were caused in whole or were contributed to in part by reason of the acts, omissions, negligence, and/or intentional misconduct of one or more third parties over whom neither FHFA nor Fannie Mae had control.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has an adequate remedy at law and has, through its own acts and/or omissions, failed to mitigate its damages, the existence of which are denied.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to join one or more indispensable parties.

### SEVENTH AFFIRMATIVE DEFENSE

Fannie Mae breached no duty with regard to Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Any acceptance of any portion of the excess proceeds from the Foreclosure Sale does not "satisfy" the amount due and owing on the Loan, and would not constitute a waiver of FHFA or Fannie Mae's rights under the Loan and Deed of Trust, or statute.

### NINTH AFFIRMATIVE DEFENSE

Any acceptance of any portion of the excess proceeds from the Foreclosure Sale does not "satisfy" the amount due and owing on the note secured by the Deed of Trust, and would not constitute a waiver of FHFA or Fannie Mae's rights under the note and Deed of Trust, or statute.

### CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Declaratory Judgment versus Counter-Defendants Saticoy Bay and the HOA)**

1. FHFA incorporates by reference the responses of all previous paragraphs, as if fully set forth herein.

2. Pursuant to 28 U.S.C. § 2201 and NRS § 40.010, this Court has the power and authority to declare FHFA and Fannie Mae's rights and interests in the Property.

10596831.1

6

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

3. FHFA is an agency of the federal government of the United States of America and is also the Conservator for Fannie Mae.

4. The Conservator has succeeded by law to all of Fannie Mae's "rights, titles, powers, and privileges." 12 U.S.C. § 4617(b)(2)(A)(i).

5. During the Conservatorship, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

6. Fannie Mae's interest at issue is property of the Conservator. Therefore, applying NRS Chapter 116 or other state law in a manner that extinguishes Fannie Mae's interest in the Property would violate 12 U.S.C. § 4617(j)(3).

7. 12 U.S.C. § 4617(j)(3) preempts any state law that would permit a foreclosure on a superpriority lien to extinguish a property interest of Fannie Mae while it is under FHFA's conservatorship.

8. As the current beneficiary under the Deed of Trust and owner of the Note, Fannie Mae's interest in the Property retains its first position status in the chain of title after the HOA Sale.

9. Saticoy Bay claims an interest in the Property through a Trustee's Deed Upon Sale recorded in the Clark County Recorder's Office as Book and Instrument Number 20140918-0001393 that is adverse to FHFA and Fannie Mae's interests.

10. At no time did HOA, Plaintiff or Plaintiff's trustee obtain consent from FHFA to extinguish the Deed of Trust or otherwise extinguish Fannie Mae's interest.

11. Pursuant to 12 U.S.C. § 4617(j)(3), the foreclosure sale conducted by the HOA could not extinguish Fannie Mae's interest in the Deed of Trust.

12. FHFA and Fannie Mae are entitled to a judicial determination regard the rights and interests of the respective parties to the case.

13. A justiciable controversy exists between FHFA, Fannie Mae, and Counter-defendants. FHFA and Fannie Mae have legally protectable interests in the controversy. The issue is ripe for judicial determination.

///

10596831.1

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

14. FHFA and Fannie Mae are entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, that 12 U.S.C. § 4617(j)(3) precludes an HOA sale from extinguishing Fannie Mae's interest in the Deed of Trust.

## SECOND CAUSE OF ACTION

### (Quiet Title versus Counter-Defendant Saticoy Bay)

1. FHFA incorporates by reference the responses of all previous paragraphs, as if fully set forth herein.

2. Pursuant to 28 U.S.C. § 2201 and NRS § 40.010, this Court has the power and authority to resolve the parties' adverse claims in the Property.

3. At the time of the foreclosure sale, the Deed of Trust was a first secured interest on the Property as intended by NRS 116.3116(2)(b).

4. FHFA, as Fannie Mae's conservator, has succeeded by law to all of Fannie Mae's "rights, titles, powers, and privileges." 12 U.S.C. § 4617(b)(2)(A)(i).

5. Saticoy Bay claims an interest in the Property through its purported purchase of the Property at the HOA Sale on September 3, 2014, and claims that the foreclosure sale extinguished the Deed of Trust. Saticoy Bay's interest in the Property is adverse to FHFA and Fannie Mae's interest.

6. Based on the adverse claims being asserted by the parties, FHFA and Fannie Mae are entitled to a judicial determination regarding the rights and interests of the respective parties to the case.

7. FHFA and Fannie Mae are entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201 and NRS § 40.010, that the HOA Sale did not extinguish Fannie Mae's interest in the Deed of Trust.

8. FHFA and Fannie Mae are entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201 and NRS § 40.010 that Fannie Mae's interest in the Deed of Trust is superior to the interest, if any, acquired by Saticoy Bay through the foreclosure deed.

## PRAYER FOR RELIEF

WHEREFORE, FHFA prays for the following relief:

10596831.1

8

1. That the Court declare that 12 U.S.C. § 4617(j)(3) preempts any Nevada law that would permit a foreclosure on a superpriority lien to extinguish Fannie Mae's interest while it is under FHFA's conservatorship;

2. That the Court declare that the HOA sale did not extinguish Fannie Mae's interest in the Property and thus did not convey the Property free and clear to Saticoy Bay;

3. That the Court declare that Fannie Mae's property interest is superior to the interest, if any, of Saticoy Bay;

4. That FHFA be awarded reasonable attorneys' fees and costs; and

5. That FHFA receive such other relief as the Court deems just and proper.

DATED this ___ day of July, 2015.

**FENNEMORE CRAIG, P.C.**

By: _____
Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
300 E. Second St., Suite 1510
Reno, Nevada 89501
Tel: 775-788-2228   Fax: 775-788-2229
lhart@fclaw.com; jtennert@fclaw.com

*Attorneys for Proposed Intervenor Federal Housing Financing Agency*

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10596831.1

9