UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALESSI & KOENIG, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ALFRED T DOLAN, JR., *et al.*, <br><br> Defendants. | Case No. 2:15-cv-00805-JCM-CWH <br><br> ORDER |

Presently before the court is defendant Federal National Mortgage Association ("Fannie Mae") and counter-claimant Federal Housing Finance Agency's ("FHFA") motion for summary judgment.[1] (ECF No. 38). Counter-defendant Saticoy Bay LLC Series 10250 Sun Dusk Ln ("Saticoy") filed a response (ECF No. 40), and movants filed a reply (ECF No. 41).

**I.  Introduction**

On February 9, 2015, Alessi & Koenig, LLC submitted a complaint in interpleader in Nevada state court, and Fannie Mae removed that case to this court on April 29, 2015.[2] (ECF Nos. 1, 1-1). The case involves the September 3, 2014, foreclosure of the real property at 10250 Sun Disk Lane, Las Vegas, Nevada. (ECF No. 1-1).

On July 20, 2015, this court granted a stipulation allowing FHFA to intervene as conservator of Fannie Mae. (ECF No. 17). On July 22, 2015, FHFA answered the complaint and asserted two counterclaims against Saticoy and Sunset Mesa Community Association (the

---

[1] The FHFA appears in this case as conservator for Fannie Mae. (ECF No. 17).

[2] Fannie Mae asserts that it was served with a copy of the operative complaint on March 30, 2015. (ECF No. 1).

"HOA"). (ECF No. 18).

First, FHFA requests declaratory judgment against Saticoy and the HOA that Fannie Mae's interest in the deed of trust is not extinguished because FHFA "has succeeded by law to all of Fannie Mae's 'rights, title, powers, and privileges.'" (ECF No. 18 at 8) (quoting 12 U.S.C. § 4617(b)(2)(A)(i)). Therefore, it alleges, the property at issue cannot be subject to foreclosure in light of 12 U.S.C. § 4617(j)(3)'s preemption of state law. (*Id.*); *see* 12 U.S.C. § 4502 (defining "Agency" in that chapter as "[FHFA]"). Second, FHFA moves to quiet tile as to the underlying property under that same authority. (ECF No. 18). Fannie Mae and FHFA's instant motion mirrors these arguments. (ECF No. 38).

**II.     Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate

an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

### III. Discussion

In its motion for summary judgment, FHFA argues that § 4617(j)(3) of the Housing and Economic Recovery Act of 2008 ("HERA") preempts Nevada law and bars the foreclosure of the relevant property without the consent of the conservator: FHFA. (ECF No. 38). Thus, Fannie Mae and FHFA argue that they are entitled to summary judgment because the foreclosure sale could not eradicate Fannie Mae's property interest. (ECF No. 38).

In its response, Saticoy offers the following arguments: (1) the foreclosure sale extinguished Fannie Mae's property interest; (2) there is no applicable preemption of state law here; (3) FHFA has consented to the foreclosure by, *inter alia*, its inaction with respect to promulgating a procedure to request its consent; (4) and the lien statute does not violate due process. (ECF No. 40).

Under Nevada Revised Statute ("NRS") 116.3116, a homeowner's association ("HOA") has a lien on a property for assessments levied against that property and such liens are prior to all other liens and encumbrances, subject to exceptions. Nev. Rev. Stat. 116.3116(1)–(2). In *SFR Investments Pool 1*, the Nevada Supreme Court found that a HOA's foreclosure of a super-

priority lien extinguishes a first recorded security interest.  334 P.3d 408, 409 (Nev. 2014).

HERA established FHFA to regulate Fannie Mae, Freddie Mac, and Federal Home Loan Banks.  *See* Pub. L. No. 110–289, 122 Stat. 2654, codified at 12 U.S.C. § 4511, *et seq*.  In September 2008, FHFA placed Fannie Mae into conservatorship "for the purpose of reorganizing, rehabilitating, or winding up [its] affairs."  12 U.S.C. § 4617(a)(2).  As conservator, FHFA immediately succeeded to "all rights, titles, powers, and privileges" of Fannie Mae.  12 U.S.C. § 4617(b)(2)(A)(i).  Moreover, Congress granted FHFA exemptions to carry out its statutory functions—specifically, in acting as conservator, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]."  12 U.S.C. § 4617(j)(3).

In *Skylights LLC v. Fannie Mae*, 112 F. Supp. 3d 1145, 1148 (D. Nev. 2015), the court addressed the applicability of 12 U.S.C. § 4617(j)(3) and held that the plain language of § 4617(j)(3) prohibits property of FHFA from being subjected to a foreclosure without its consent. *See also Saticoy Bay, LLC v. Fannie Mae*, No. 2:14-CV-01975-KJD-NJK, 2015 WL 5709484 (D. Nev. Sept. 29, 2015) (holding that 12 U.S.C. § 4617(j)(3) preempts NRS 116.3116 "to the extent that a [homeowner association's] foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae while those entities are under FHFA's conservatorship").

Here, Fannie Mae has held an interest in the relevant property since September 1, 2002, and it, through HERA, was placed into conservatorship on September 6, 2008.[3]  (ECF No. 38-1). Consequently, FHFA's interest in the property precedes the September 3, 2014, foreclosure sale.

Further, it is clear that FHFA did not consent to the extinguishment of Fannie Mae's property interest through the HOA's foreclosure sale.  *See* (ECF No. 38-2) (stating on April 21, 2015, that "[FHFA] has not consented, and will not consent in the future, to the foreclosure or other extinguishment of any Fannie Mae or Freddie Mac lien or other property interest in

---

[3] Additional records provided by Fannie Mae indicate that it certainly had an interest in the property before the date of the foreclosure sale.  *See* (ECF No. 38-1).

4

connection with HOA foreclosures of super-priority liens."); *see also Opportunity Homes, LLC v. Fed. Home Loan Mortg. Corp.*, 169 F. Supp. 3d 1073, 1078 (D. Nev. 2016) (finding that the previously quoted FHFA statement was sufficient to indicate FHFA's lack of consent as well as the likely nonexistence of evidence to the contrary).  Thus, the plain language of § 4617(j)(3) prevents the foreclosure sale from extinguishing the deed of trust.[4]

### IV.  Conclusion

In light of 12 U.S.C. § 4617 and the evidence presented by the parties, the instant motion is meritorious.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that FHFA and Fannie Mae's motion for summary judgment, (ECF No. 38), be, and the same hereby is, GRANTED.

DATED THIS 27th day of February, 2017.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

---

[4] Because this analysis is dispositive of the present issue, this court finds there is no need to discuss the Ninth Circuit's binding precedent in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016).